69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence CLIFTON, Defendant-Appellant.
 No. 94-6593.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1995.
 
 Before: LIVELY, RYAN and SILER, Circuit Judges
 PER CURIAM.
 
 
 1
 Defendant Lawrence Clifton appeals the sentence following his guilty plea to one count of making false statements in loan applications to banks in violation of 18 U.S.C. Sec. 1014. Clifton contends that the district court's denial of a reduction in sentence for acceptance of responsibility was erroneous. For the reasons that follow, we affirm the decision of the district court.
 
 I.
 
 2
 In December 1993, Clifton was indicted in federal court in Tennessee on three counts of falsifying loan applications regarding his employment, salary and the existence of other outstanding loans. In February 1994, while on bond to the federal district court, Clifton drove a woman to a bank in Mississippi to acquire a loan for which he had previously delivered a fraudulent application. As a result of this conduct, Clifton and this woman were arrested and charged with attempted false pretenses by local authorities in Mississippi.
 
 
 3
 Clifton entered a guilty plea to one count of the federal indictment. At sentencing, Clifton argued that he should receive a two-level reduction for acceptance of responsibility. He testified that the conduct from which his Mississippi arrest arose was part of his work delivering loan applications to banks for a blind man, Eddie Jeter. He admitted delivering the application and driving the woman to the bank but denied any knowledge of fraud or other wrongdoing.
 
 
 4
 The district court denied Clifton's request for a reduction in his sentence for acceptance of responsibility and sentenced him to twenty-two months incarceration. It included the Mississippi incident in its determination of Clifton's relevant conduct.
 
 II.
 
 5
 A decision regarding acceptance of responsibility is a question of fact and must be upheld unless clearly erroneous. United States v. Meacham, 27 F.3d 214, 217 (6th Cir.1994); United States v. Jackson, 25 F.3d 327, 332 (6th Cir.), cert. denied, 115 S.Ct. 344 (1994). For the reasons that follow we find the district court's denial of a reduction for acceptance of responsibility was not clearly erroneous.
 
 
 6
 USSG Sec. 3E1.1(a) states: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." The defendant must show acceptance of responsibility by a preponderance of the evidence. United States v. Moored, 997 F.2d 139, 145 (6th Cir.1993); United States v. Morrison, 983 F.2d 730, 733 (6th Cir.1993). Entering a guilty plea does not automatically entitle a defendant to a reduction based on acceptance of responsibility as a matter of right. Meacham, 27 F.3d at 218.
 
 
 7
 The notes to Sec. 3E1.1(a) list considerations that may be used in determining whether a defendant qualifies for a reduction under that section. One of these considerations is directly relevant to this case: "voluntary termination or withdrawal from criminal conduct or associations." USSG Sec. 3E1.1(a), comment (n. 1(b)). It was on this basis that the district court properly denied a reduction.
 
 
 8
 This court has limited the application of this consideration:
 
 
 9
 We consider "voluntary termination and withdrawal from criminal conduct" to refer to that conduct which is related to the underlying offense. Such conduct may be of the same type as the underlying offense; ... or may be the motivating force behind the underlying offense; ... or may involve an otherwise strong link with the underlying offense.
 
 
 10
 Morrison, 997 F.2d at 735.
 
 
 11
 In this regard: "The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. Sec. 3742(d). A decision regarding acceptance of responsibility is primarily based on the district court's assessment of the defendant's credibility and is entitled to "great deference." United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992) ("challenge will be successful only in extraordinary circumstances"), cert. denied, 114 S.Ct. 733 (1994)
 
 III.
 
 12
 Clifton's conduct was so nearly identical to that for which he had pled guilty that it is clearly "of the same type"; could easily be said to have involved the same "motivating force" as the underlying offense; and "involve[d] an otherwise strong link" to the underlying offense. Morrison, 997 F.2d at 735. The district court properly applied these considerations:
 
 
 13
 due to its extreme similarity to the conduct that is alleged in this case, ... the conduct is an appropriate basis for the denial of acceptance of responsibility points, because this conduct indicates that Mr. Clifton has not, or had not at the time of Mississippi offense, abandoned the same type of criminal conduct that he is guilty of in this case.
 
 
 14
 There is also evidence sufficient to support the district court's findings. The "factual findings [of a sentencing court] need not be based upon proof beyond a reasonable doubt, but need only be supported by a preponderance of the evidence." United States v. Watkins, 994 F.2d 1192, 1995 (6th Cir.1993) (citing United States v. Carroll, 893 F.2d 1502, 1506 (6th Cir.1990)). Clifton denies only his knowledge of the wrongdoing, not his participation. The district court convincingly reasoned, "It really defies reason to suggest that under these circumstances Mr. Clifton was not aware of the activity in which he was participating." With respect to Clifton's burden of showing his acceptance of responsibility, he has shown little more than that he pleaded guilty.
 
 
 15
 AFFIRMED.